DCHF

**FILED**

MAY 14 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

UNITED STATES BANKRUPTCY COURT
EASTER DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re )  Case No. 14-10695-B-11
)
Rosendo Jaime Perez and )  DC No. UST-1
Maria Lucina Martinez De Jaime, )
)
Debtors. )
_____)

**MEMORANDUM DECISION REGARDING UNITED STATES
TRUSTEE'S MOTION TO DISMISS AND IMPOSE A
180-DAY BAR AGAINST REFILING**

Robin Tubesing, Esq., appeared on behalf of the movant, Tracy Hope Davis, Esq.,
United States Trustee.

Thomas O. Gillis, Esq., appeared on behalf of the debtors, Rosendo Jaime Perez and
Maria Lucina Martinez De Jaime.

The United States Trustee (the "UST") moves to dismiss this case pursuant to

11 U.S.C. § 1112(b)[1] (the "Motion"). This is the third chapter 11 case filed by

Rosendo Perez and Maria De Jaime (the "Debtors") within a period of 18 months

and the UST also asks the court to bar the Debtors from filing another case for 180

days. The Motion is based on numerous statutory grounds. For the reasons set forth

below the Motion will be granted, provided the Debtors shall first have fourteen

days to convert this case to either chapter 7 or chapter 13. Conversion may be

requested by ex parte application.

This memorandum decision contains the court's findings of fact and

conclusions of law required by Federal Rule of Civil Procedure 52(a), made

---

[1]Unless otherwise indicated, all chapter, section and rule references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy
Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the
effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,
Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052 and 9014(c).  The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 1112(b), and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A).

**Discussion.**

Dismissal of a chapter 11 case is governed by § 1112(b) of the Bankruptcy Code.  It requires a noticed motion by a party in interest, here the UST, and a hearing, which was held on April 24, 2014.  On April 14, 2014, the Debtors' counsel filed an untimely opposition without any supporting evidence.[2]

Section 1112(b) provides that the court shall convert or dismiss a chapter 11 case if it finds "cause" for dismissal, subject to two conditions applicable here. First, to prevent dismissal after a showing of "cause," the court must be able to find and specially identify "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate . . . ." 1112(b)(2).  Second, the debtor must establish that "there is a reasonable likelihood that a plan will be confirmed within . . . a reasonable period of time." § 1112(b)(2)(A).  If the  cause for dismissal does not include substantial or continuing loss to or diminution of the estate, the debtor must also establish that the grounds for dismissal will be cured within a reasonable period of time fixed by the court.  § 1112(b)(2)(B).

---

[2]The Motion was filed on March 19, 2014.  It was fully noticed pursuant to Local Rule 9014-1(f)(1) and the Debtors' opposition was due 14 days before the hearing.  The Debtors' response was filed late.  It consists of a three-page document which briefly rebuts the points raised by the UST.  It was not supported by any evidence as required by Local Rule 9014-1(f)(1(B).  The Debtors did not file a separate statement of disputed material facts as required by Local Rule 9014-1(f)(1)(B) so the right to an evidentiary hearing was waived. The UST filed a reply on April 16 at which point the evidentiary record closed.  Local Rule 9014(f)(1(C).  Thereafter, the Debtors did file a surrebuttal on April 22, which included exhibits and a declaration from the Debtors' counsel, but which the court has not considered.

2

1    Pursuant to § 1112(b)(4), the term "cause" for dismissal of a chapter 11 case

2    includes at least three grounds applicable here.  The Debtors have three rental

3    properties from which they receive substantial income, yet they did not provide

4    proof of insurance for the properties when requested by the UST.  Failure to

5    maintain appropriate insurance that poses a risk to the estate is a statutory ground

6    for dismissal.  § 1112(b)(4)(C).  The Debtors' February monthly operating report

7    was not filed until April 3 - it was 20 days' late.  The inability to file timely monthly

8    operating reports is a statutory ground for dismissal.  § 1112(b)(4)(F).  The Debtors

9    could not, or simply did not, provide documents reasonably requested by the UST

10   and did not appear for their initial debtor interview.  § 1112(b)(4)(H).  The court

11   also notes from the UST's report (docket no. 35) filed on March 25, 2014, after the

12   initial creditor meeting, that the Debtors had not yet opened the required debtor-in-

13   possession ("DIP") bank account.

14        Finally, the court notes that this is the Debtors' third attempt at reorganizing

15   through chapter 11 since August 2012.  This petition, like the prior petition, was

16   filed as a skeletal petition without the required schedules and statement of financial

17   affairs.  It was also filed without a complete and accurate master address list.[3]

18   Despite the fact that the Debtors have already been through the chapter 11 gauntlet

19   twice, they still were unprepared this third time to come to court with complete

20   schedules, timely operating reports, and the basic documents, such as insurance

21   policies and DIP bank account records, that they knew the UST would request.  The

22

23   _____

24        [3]The "skeletal" petition was filed with a master address list ("MAL") and a statement
     of the Debtors' social security numbers on February 18, 2014.  The same day the court

25   issued a Notice of Incomplete Filing to notify the Debtors that the schedules, statement of
     financial affairs and related documents were due not later than March 4, unless the court

26   granted an extension of time.  Those documents were not filed until March 9 and the Debtors
     did not request an extension of time.  The meeting of creditors was first held on March 24

27   and continued to April 30.  The Debtors filed an amended MAL and amended schedules on

28   April 8.  Schedules B and C were amended again on April 21.

3

1  prior two cases were dismissed based on issues similar to those which plague the

2  current case.

3      The court has reviewed the docket of the prior two cases, and carefully

4  considered particularly the record of the second case, and the problems that arose

5  therein. The second case, number 12-19873-B-11, was filed on November 30,

6  2012, and was not dismissed until October 25, 2013. The Debtors enjoyed a

7  window of eleven months to confirm a chapter 11 plan which simply valued their

8  properties and restructured the resulting secured debts, but they were unable to do

9  so. The UST filed a motion to dismiss the first case and two motions to dismiss the

10  second case. The Debtors make no showing that this third case is fundamentally

11  any different than the prior two cases. The Debtors are trying to restructure the

12  debts secured by three rental properties, one of which, a duplex, also serves as the

13  Debtors' residence, but none of which appear to generate enough cash to service the

14  secured debt over a term of less than 30 years.[4] Based on a review of the early

15  problems cited by the UST in this case, and consideration of the issues which

16  resulted in the unsuccessful prosecution of two prior cases, the court is not

17  persuaded that there is a reasonable likelihood the Debtors will be able to confirm a

18  plan in this case within a reasonable period of time.

19  **Conclusion.**

20      Based on the foregoing, the court finds and concludes that there is cause to

21  dismiss this case within the statutory definition in § 1112(b). The Debtors did not

22  timely respond to the Motion and did not support their response with admissible

23  evidence. The Debtors have not identified any unusual circumstances establishing

24  that this case is any different than the prior two failed chapter 11 cases, and that

25

26      [4]On April 7, 2014, the Debtors filed a proposed chapter 11 plan of reorganization

27  which proposes to "strip down" the claims secured by the three properties and then amortize
    the "secured" portion of those claims over a period of 30 years with interest at the rate of

28  5.5%.

4

1   dismissal of this case is not in the best interest of creditors and the estate.  Further,

2   they have not persuaded the court that they have a reasonable likelihood of

3   confirming a chapter 11 plan within a reasonable period of time.  Accordingly, the

4   court has no discretion but to grant this Motion.  However, the Debtors appear to be

5   eligible for relief under chapter 13 and the court does have the equitable power to

6   give the Debtors a reasonable opportunity to save their residence through a chapter

7   13 plan.  Alternatively, the Debtors may conclude that it is in their best interest to

8   simply convert this case to chapter 7 and obtain a discharge of their debts.  The

9   Debtors shall have 14 days to submit a request to convert this case to chapter 7 or

10  13.  They may do so by ex parte application.  If the case has not been converted to

11  chapter 7 or 13 within 14 days, the UST may submit an order of dismissal which

12  includes a 180-day bar against filing another chapter 11.

13      Dated: May ___/4___, 2014

14

15

16                                              W. Richard Lee
                                                United States Bankruptcy Judge

17

18

19

20

21

22

23

24

25

26

27

28

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Instructions to Clerk of Court
#### Service List - Not Part of Order/Judgment

       The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked _____, via the U.S. mail.

       Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and __X__ Other Persons Specified Below:

Thomas O. Gillis, Esq.
Attorney at Law
1006 H St., #1
Modesto, CA 95354

Robin Tubesing, Esq.
Office of the U.S. Trustee
U.S. Courthouse
2500 Tulare Street, Suite 1401
Fresno, CA 93721